Max Silverman, Appellant, *v.* Massachusetts Mutual Life Insurance Company, Respondent.

First Department, June 24, 1958.

*Melvin Kraft* of counsel (*Austrian, Lance & Stewart,* attorneys), for appellant.

*Edward T. Post* of counsel (*Ernst L. Bendix* with him on the brief; *Tanner, Friend, Kinnan & Post,* attorneys), for respondent.

MEMORANDUM BY THE COURT. In connection with the waiver of annual life insurance premiums in the event of the total disability of the insured before reaching the age of 60, section 158 (subd. 2, par. [c]) of the Insurance Law requires every policy to provide for written notice of claim to be given during the lifetime of the insured and during the period of total disability, or as soon thereafter as reasonably possible. Defendant's policy follows this statutory language, but provides further that no claim shall be allowed unless due proof thereof is received within six months after the anniversary of the policy nearest the insured's sixtieth birthday. This additional proviso is in complete accord with section 158 (subd. 3, par. [b]), which permits the insurer to adopt any reasonable time requirements as to the filing of proof of disability. The six-month limitation which defendant imposed was approved by the Superintendent of Insurance, and it cannot be held as a matter of law that such a requirement setting forth specific limitations is by its very nature invalid and unenforcible. A defense based upon such a provision may properly be pleaded. It may be that the time requirements imposed, while reasonable as a general matter, may prove to be unreasonable in a particular case, but such a state of facts is not before us and can be developed only on a trial of the issues. Order denying plaintiff's motion to dismiss defendant's second separate affirmative defense should be affirmed, with costs.

STEVENS, J. (dissenting). This is an appeal from an order denying plaintiff's motion to strike an affirmative defense for legal insufficiency in an action to recover premiums alleged to have been paid during a period of total disability.

The defense states that proof of claim was not filed within " six months after the anniversary of the policy nearest the insured's sixtieth birthday " as provided in the policy. The sole question for determination on this appeal is whether this time limitation in the policy is consistent with the mandatory provisions of section 158 of the Insurance Law.

The life insurance policy in issue provided for the waiver of premiums during a period of at least six months' total disability if occurring before the sixtieth birthday of the insured. Notice of disability was to be given during the lifetime of the insured and during the continuance of such disability unless it be shown that it was not reasonably possible to give notice during such period. Proof of disability was to be filed within six months

after the anniversary of the policy nearest the insured's sixtieth birthday. The insured alleges that he became totally disabled on April 18, 1956 when he was 59 years of age. The anniversary date of the policy was July 26 and the insured attained his sixtieth birthday on August 11, 1956. Notice of disability was given in April, 1957 and proof of such disability was furnished on July 26, 1957.

The pertinent sections of the law referring to notice of claim and proof of claim are found in section 158 of the Insurance Law. As to notice, it provides in subdivision 2 that no policy shall be issued in this State unless it contains in substance the following provisions: '' (c) A provision that written *notice of claim* must be given to the insurer during the lifetime of the insured *and* during the period of total disability, and that failure to give such notice shall not invalidate or diminish any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.'' (Emphasis added.)

With respect to notice of claim, the insurance policy in issue followed closely the statutory language stated above. As to proof of claim, section 158 provides:

'' 3. No such policy or contract * * * shall contain any provision of the kind or character hereinafter set forth in this subsection, unless such provision conforms in substance to the following:

'' (b) A provision imposing *any reasonable requirements as to the time,* method and form of *proof of disability* and as to the continuance of disability, including an examination of the insured by the insurer at reasonable intervals.'' (Emphasis added.)

With respect to proof of claim, the policy stated that it must be filed within six months after the anniversary of the policy nearest the insured's sixtieth birthday.

The defendant contends that the six months' proof of disability provision is, as a matter of law, that reasonable requirement which the statute demands in paragraph (b) of subdivision 3 and that plaintiff's failure to file proof within that period raises an absolute barrier to recovery.

With this interpretation I am unable to agree, for, by placing a six months' limitation upon the filing of proof of claim the policy severely restricts the time permitted the insured by paragraph (c) of subdivision 2 of section 158 to file his notice of claim.

While a reading of paragraph (c) of subdivision 2 and paragraph (b) of subdivision 3 of section 158 might be susceptible to

the interpretation placed upon it by the defendant, such an interpretation tends to contradict the very purpose and intent of the statute. Every intelligible condition of a statute is presumed to accomplish some purpose. Thus section 158 was designed chiefly "to protect the policyholders against illiberal provisions." (Insurance Law Revision of the State of New York, Tentative Draft, 1937, p. 156.) Its general intent is to protect the policyholder but at the same time safeguard the insurer by affording an adequate opportunity to test the *bona fides* of the claim of total disability. (*Pearlstein* v. *New York Life Ins. Co.*, 276 App. Div. 728, 729.) To afford an insurer such an opportunity, section 158 of the Insurance Law imposes a time limit upon the policyholder for the filing of notice of claim and proof of claim.

Notice of claim is more or less a formal notice given a company by an insured of the loss insured against. A proof of claim is the formal evidence given the company by an insured of the data necessary to enable a company to determine its liability and the amount thereof. The object of notice is to acquaint the insurance company with the occurrence of the loss and the object of the proof is to furnish the company with the necessary information to determine its liability. (45 C. J. S., Insurance, p. 1182, §§ 981, 982.) It necessarily follows that notice of claim is precedent to proof of claim and both notice of claim and proof of claim are conditions precedent to liability. The only time limitation provided in paragraph (c) of subdivision 2 and in the policy itself, is that notice of claim must be given during the lifetime of the insured *and* during the period of total disability. When and if notice is given as required in paragraph (c) of subdivision 2, then proof of claim as required by paragraph (b) of subdivision 3 becomes operative. The only time limitation provided in paragraph (b) of subdivision 3 is that proof must be filed in a reasonable time.

Any interpretation of what constitutes a reasonable time for filing proof under paragraph (b) of subdivision 3 of section 158 must be based upon the intent of the policy to protect the insured if totally disabled for a period at least six months before reaching the age of 60. Thus the insured could hardly give effective notice as provided in paragraph (c) of subdivision 2 until such time as the progress of the illness would suggest to a reasonable person that eventual total and permanent disability might result. Furthermore, notice may be given any time during the period of the insured's disability and during his lifetime. Since notice of claim precedes proof of claim, the time for the submission must

follow the time permitted for the filing of claim. Therefore, proof of claim cannot be restricted, as a matter of law, to a period of six months where the statute provides that it be filed within a reasonable time after after notice of claim. It will be a question of fact if the time of filing of proof is reasonable and it cannot be asserted as a matter of law that failure to comply within a stated time of six months after the anniversary date of the policy is an absolute barrier to recovery.

To give any other construction to paragraph (b) of subdivision 3 could lead to inequitable results. Conceivably, a circumstance might arise where the insured would have but one day to submit the requisite proof. This could occur where the commencement of disability, the anniversary date of the policy and the sixtieth birthday followed in close sequence. For example, an insured becomes ill one day before his sixtieth birthday and two days before the anniversary of the policy. Under the terms of this policy he would then be afforded only one day to complete and file his proof of claim. Of course that is not the present case. It could hardly be held that such a provision with its strict limitation of time is that reasonable requirement demanded by the statute.

The law is that the insurance contract is to be read as if the provisions of the statute are an integral part of it and " Where a policy attempts to limit the time for giving of notice or for the making of proofs of death or disability to a time less than that fixed by statutory provisions, such provisions of the policy are void." (3 Appleton on Insurance Law and Practice, § 1394, p. 10.) I must conclude, therefore, that the six months' requirement for the filing of proof when pleaded as an absolute defense is unreasonable.

The second defense as pleaded is insuffcient in law. I therefore dissent, vote to reverse on the law and grant the motion with leave to replead if the defendant be so advised.

BOTEIN, P. J., BREITEL, RABIN and FRANK, JJ., concur in Memorandum by the Court; STEVENS, J., dissents and votes to reverse and grant the motion in opinion.

Order denying plaintiff's motion to dismiss defendant's second separate affirmative defense affirmed, with $20 costs and disbursements to the respondent.